THE STATE ex rel. W. T. RAY, Collector of the Revenue, Appellant, v. ARCADIA TIMBER COMPANY.

In Banc, June 13, 1918.

1. **DRAINAGE DISTRICT: Correcting Judgment of Incorporation: After Expiration of Term.** In the absence of a statutory provision, the county court is not authorized, upon the discovery that a corporate owner of land in the drainage district had never been notified by its correct name, to set aside, at a subsequent term, its former judgment affirming the report of the viewers and engineers and to direct its clerk to reapportion the total costs of the improvements, taxing such owner by its correct name with its proportion of the benefits. The organization of the drainage district involved, as to all property owners therein, except such corporate owner, a complete assessment of property within the district and a final judgment, and at the expiration of that term all power of the county court to set aside the judgment was lost.

2. ————: ————: ————: **Beneficent Purpose of Statute.** The rule that the construction of the statutes relating to the organization of drainage districts should be broad and liberal in order to carry out their beneficent purposes, will not warrant the county court entrusted with the organization of such districts in assuming a grant of power which is withheld by the statute and which would be violative of the express provisions of the civil code. In such proceedings it exercises a special and limited authority, measured by the terms of the statute; it is not a court of general jurisdiction.

Appeal from Cape Girardeau Circuit Court.—*Hon. Frank Kelley,* Judge.

AFFIRMED.

*Jno. McAnally* for appellant.

(1) "A judgment is the final determination of the right of [all] the parties in the action." Sec. 2090, R. S. 1909; Deck v. Wright, 135 Mo. App. 539; State v. French, 118 Mo. App. 18; Baker v. St. Louis, 189 Mo. 378; State ex rel. v. Klien, 140 Mo. 510. (2) "Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants." Sec. 2091, R. S. 1909; Thompson v. District, 71 Mo. 501; Hill v. Chowning, 93 Mo. App. 625; Mo. Pac. Ry. Co. v. Carter, 85 Mo. 450. (3) The judgment of confirmation of the report of the viewers and engineer under the provisions of Art. 4, Chap. 122, R. S. 1899, now Art. 4, Chap. 41, R. S. 1909, is in effect, several as to each tract of land of forty acres or less. Jones v. Lake View, 151 Ill. 680; Kelley v. Chicago, 148 Ill. 95; Delamater v. Chicago, 158 Ill. 580; Gibler v. Mattoon, 167 Ill. 19; Phila. & Reading C. & I. Co. v. Chicago, 158 Ill. 19; Beach v. People ex rel. Kern, 157 Ill. 662; Bliss v. Chicago, 156 Ill. 585; Rasmussen v. People ex rel. Kern, 156 Ill. 574; Browning v. Chicago, 155 Ill. 314. (4) The requirements of Sec. 8287, R. S. 1899, amended, Laws 1905, p. 180, Laws 1907, p. 341 (Sec. 5587, R. S. 1909), that upon the filing of the viewers' report the clerk shall immediately set the hearing of the same for some day of the next regular term of the county court, and "thereupon" issue a notice, directed, by name, to every person returned by the engineer and viewers as the owner of every lot, etc., is directory only. Lewis's Sutherland on Stat. Const., secs. 610, 611, 612, 613, 614, 615 and 616. (5) When the provision of the statute is in affirmative words, and there are no negative words, and it relates to the time or manner of doing the acts which constitute the chief purpose of the law, or those incidental or subsidiary thereto, by an official person, the provision has been unually treated as directory. In re Petition of Douglass, 58 Barb. 174; Atty. Gen. v. Baker, 9 Rich Eq., 521; State v. Harris, 17 Ohio St. 608; Bladen v. Philadelphia, 60 Pa. St. 464; Neal

v. Burrows, 34 Ark. 491; Mount v. Kesterson, 6 Col. 452; Cheatham v. Brien, 3 Head, 552; Atkinson v. Rhea, 7 Humph. 59; Sellars v. Fite, 3 Baxt. 131; In re Johnson, 98 Cal. 531, 21 L. R. A. 380. (6) A statute (as does the one under consideration), specifying a time within which a public officer is to perform an official act regarding the rights and duties of others, is directory, unless the nature of the act to be performed, or the phraseology of the statute, is such that the designation of time must be considered as a limitation of the power of the officer. State v. Hamilton, etc. Ry. Co., 113 Mo. 301; State v. Ringo, 42 Mo. App. 115; St. Louis Co. Ct. v. Sparks, 10 Mo. 121; Granite Bit. Pav. Co. v. McManus, 114 Mo. App. 607. (7) The finding of the county court that due notice of the filing of the viewers' report had been given was not a final and binding judgment, because the same was untrue, in that the record disclosed that Arcadia Timber Company had not been notified, and the court was without jurisdiction to adjudicate the report as to it, and its judgment of confirmation was void as to it. State ex rel. Douglass v. Arcadia Timber Co., 178 S. W. (Mo.) 93; 23 Cyc. 1241; Hewitt v. Weatherby, 57 Mo. 278; Ray Co. v. Barr, 57 Mo. 291; McLaughlin v. Bank, 60 Mo. 437; Adams v. Cowles, 95 Mo. 507; Covington v. Chamblain, 156 Mo. 574; Lance v. Garberm, 105 Mo. 359; Gravis v. Ewart, 99 Mo. 13; Fithian v. Monks, 43 Mo. 520; Clark v. Bettelheim, 144 Mo. 258; Janney v. Spadden, 38 Mo. 402; Fischer v. Sickmann, 125 Mo. 165; Westmeyer v. Gallenkamp, 154 Mo. 28; Roberts v. Best, 172 Mo. 77, 82. (8) It was the duty of the court, and it had jurisdiction to bring all the parties in interest before it, and to cause as many notices to be given as were sufficient, and necessary to accomplish that result. Sec. 8287, R. S. 1899, amended, Laws 1905, p. 180, Laws 1907, p. 341; Sec. 5588, R. S. 1909; Secs. 1786, 3863, 4080, R. S. 1909; Barnes v. Construction Co., 257 Mo. 195, 197. (9) Arcadia Timber Company had the right to waive the issuance of notice of the filing of the viewers' report,

666    SUPREME COURT OF MISSOURI,

State ex rel. Ray v. Arcadia Timber Co.

and voluntarily enter its appearance, which it did, by filing its exceptions and application for a change of venue. Wicecarver v. Ins. Co., 137 Mo. App. 255; Thompson v. Merc. T. M. Ins. Co., 217 Mo. 485; Newcourt v. Railway, 182 Mo. 687; Sec. 1756, R. S. 1909; Harding v. Carthage, 105 Mo. App. 19-21; Baisley v. Baisley, 113 Mo. 551; Fiedler v. Schroeder, 59 Mo. 36; Barnes v. Construction Co., 257 Mo. 197. (10) Conceding that the county courts are of limited jurisdiction, and their powers must be gathered from the law, yet, the laws of the State for the reclamation of its lands have a great object and purpose in view and are remedial in character and are entitled to a liberal construction—a construction that enables and does not hinder. State ex rel. v. Bates, 235 Mo. 292; Laws 1913, p. 281, sec. 2; Laws 1913, p. 267, sec. 62; In re Mingo Drainage District, 267 Mo. 278; State ex rel. v. Wilson, 216 Mo. 277. (11) When necessary to effect the legislative intent, remedial statutes will be construed to include cases within the reason, although outside the letter. 36 Cyc. 1175; Traudt v. Hagerman, 27 Ind. App. 152; School Dist. v. School Dist., 120 Iowa, 119; St. Peter v. Middleborough, 2 Y. & J. 196; State v. Canton, 43 Mo. 48.

*Buder & Buder, L. R. Jones* and *A. W. Wenger* for respondent.

(1) The judgment of the county court dated May 17, 1909, incorporating the drainage district and approving and confirming the assessments and benefits against the lands, as set forth in the report of the viewers and engineer, was a final judgment. State ex rel. v. Wilson, 216 Mo. 274; State ex rel. v. Redman, 194 S. W. (Mo.) 260. (2) Only one final judgment may be entered in a cause, regardless of the number of parties, or the number of issues involved. This provision of the law is mandatory. Sec. 2097, R. S. 1909; State ex rel. v. Redman, 194 S. W. 260; Beshears v. Vandalia Banking Assn., 73 Mo. App. 293. (3) The

county court is one of limited jurisdiction, possessing only such powers as are conferred upon it by statute, and it can exercise its jurisdiction only in the manner prescribed by statute. State ex rel. v. Redman, 194 S. W. 260; St. Louis v. Hollrah, 175 Mo. 79; Land Co. v. Quinn, 172 Mo. 563; State ex rel. v. Johnson, 148 Mo. App. 306. (4) General presumptions indulged to sustain proceedings in superior courts will not be allowed to aid proceedings of inferior courts. State ex rel. v. Cass County Court, 137 Mo. App. 698; State ex inf. v. Woods, 233 Mo. 357. (5) A judgment against several parties will not be treated as an entirety and annulled as to all the parties for an error against one. Elliott on Appellate Procedure, secs. 574-5; Wollman v. Loewen, 108 Mo. App. 591; Bremen Bank v. Umrath, 55 Mo. App. 43; State ex rel. v. Tate, 109 Mo. 265; Stotler v. Railroad, 200 Mo. 149; Benseick v. Cook, 110 Mo. 183; Freeland v. Williamson, 220 Mo. 229. (6) Where one defendant was not served and final judgment was rendered against the remaining defendant, the final judgment deprived the court of power to afterwards proceed in that suit against the defendant not appearing. Neither can any court hold a case open after judgment for further adjudication on the merits, though it may retain it for administrative purposes and make orders to carry a decree into effect. State ex rel. v. Redman, 194 S. W. 260; Beshears v. Vandalia Bank Assn., 73 Mo. App. 293; Ball v. Peper Cotton Press Co., 141 Mo. App. 26; St. Louis v. Crow, 171 Mo. 272; Henry v. Gibson, 55 Mo. 570; Holborn v. Naughton, 60 Mo. App. 1. c. 103; State ex rel. v. Muench, 217 Mo. 140. (7) A court, except as authorized by statute, has no authority to disturb its judgment after the term. Jeude v. Sims, 258 Mo. 39; Curtiss v. Bell, 131 Mo. App. 251; Byers v. Jacobs, 164 Mo. 141; Carr v. Dawes, 46 Mo. App. 359. (8) Want of jurisdiction of the court as to the subject matter involved cannot be waived in any manner. City of St. Louis v. Glasgow, 254 Mo. 262; Railroad v. Schweitzer, 246 Mo. 122; Drainage District v. Nabor, 256 Mo. 163; Drainage District v. Heine, 256

Mo. 164; Drainage District v. Voltmer, 256 Mo. 152; Dennis v. Baily, 104 Mo. App. 638. (9) The exceptions and the application for change of venue having been withdrawn by consent of court and the parties and "without prejudice," did not have the effect of entering the appearance of the respondent or of waiving the necessity of a proper notice. Creighton v. Kerr, 87 U. S. 12; State v. Taylor, 51 N. J. L. 307; Sursa v. Cash, 171 Mo. App. 403; Long v. Long, 141 Mo. 370; Taylor v. Slater, 21 R. I. 104.

BOND, C. J.—I. This is the second appeal in this case. On the former appeal the question was as to the sufficiency of a notice to the respondent, which by misprision of the clerk was directed to the **Statement.** Arcadia Realty Company instead of its correct corporate name, the Arcadia Timber Company.

In that case it was ruled that the notice in question was fatally defective and that the order of publication thereof did not bring the respondent into court, and hence it was not liable for the taxes sued for in that case and was not a party to the proceedings therein resulting in the establishment of the drainage district, nor affected by the judgment creating the drainage district. [State to use of Douglas v. Arcadia Timber Co., 178 S. W. 93.]

In the present case some of the purchasers of the bonds of the district instituted a proceeding in the county court where the district had been previously organized, whereupon that court ordered a notice to be given to respondent, designating it by its proper corporate name. This notice was duly published, the respondent appeared and moved to quash the notice, and also appeared specially, subject to its motion to quash, and excepted to the original report of the viewers and engineers when the district was organized. Thereafter, by consent of parties, respondent's exceptions were withdrawn without prejudice, its motion to quash was overruled and the county court proceeded to entertain jurisdiction and reaffirmed the report of the viewers and en-

gineers and directed its clerk to reapportion the total costs of the improvements. These orders were made about six years after former orders of the same nature were made when the district was organized, and they included orders of approval and confirmation of those made by the court six years before.

The county court also adjudged, at the time of making its last orders, to-wit, March 6, 1916, that its previous order made March 17, 1909, dividing the assessments against the lands of the district into nineteen installments, should be changed by dividing them into thirteen installments.

For one of these installments, to-wit, $5544.58, the Collector of the Revenue of Dunklin County instituted the present action against defendant. To a petition setting up the foregoing facts, respondent interposed a general demurrer, which was sustained by the trial court, and plaintiff, declining to plead further, duly, appealed to this court.

II. The organization of the drainage district [upon which the former suit was based] involved, as to all property owners therein except respondent, a complete assessment of the property within the disdrict and a final judgment. [State ex rel. v Redman, 194 S. W. 260; McQuitty v. Steckdaub, 190 S. W. 591, and case cited; R. S. 1909, secs. 2097, 1971.]

**Final Judgment.**

The complete organization of the district then established took place about six years before the institution of the present action. All the power of the county court to deal with that judgment or set it aside, was lost, in the absence of statutory authority, after the lapse of the term when the judgment was rendered. [Jeude v. Sims, 258 Mo. l. c. 39.] It could not, therefore, set aside the final judgment organizing the district under a proceeding instituted six years later and reopen and reorganize and re-establish the district.

It necessarily follows that the proceeding instituted in the county court for that purpose was inapt

and inefficacious. At any time before the final consummation of the proceeding which culminated in the original establishment of the drainage district, it would have been entirely within the province of the county court, as the tribunal clothed with authority under the statutes then in force, to have taken proper steps to notify the respondent and make it a party to that original proceeding. It was, however, out of the power of that tribunal, under the facts stated in the petition in this cause, to have brought the respondent in as a party to a judicial proceeding which had ended in a final judgment at the term of court which had lapsed before the proceeding was instituted to make it a party.

There is no doubt of the correctness of the rule invoked by the learned counsel for appellant that the construction and interpretation of the statutes relating to the organization of drainage districts, should be broad and liberal in order to carry out their beneficent purposes. [In re Big Lake District v. Rolwing, 269 Mo. 161.] But that principle does not warrant us in assuming the grant of powers or authority to a county court specially entrusted with the organization of these districts, which are withheld by the statute and which would be violative of the express provisions of the civil code. In all these proceedings the county court was exercising a special and limited authority measured by the terms of the statute. It was not as to these a court of general jurisdiction. Hence, it was necessary that its jurisdiction and power to render judgment should be shown somewhere in the record and proceedings before it; otherwise they would be open to collateral attack. [State ex rel. v. Redman, 194 S. W. l. c. 263.]

In reaching this conclusion we do not wish to be understood as ruling that respondent should go scot-free of a proper return for the benefits received by the inclusion of its property in the drainage district, or that there is no other proceeding by which it can be held to a just liability for such benefits; but we do hold that the proceeding instituted in the county court

by the purchasers of the bonds and predicated on the theory of the right of that court to set aside a former final judgment [to which the defendant was not a party] and include it within another judgment purporting in all other respects to be only a readjudication of the former judgment, was not within the purview or scope of the statute relating to the organization of drainage districts or the civil code of Missouri.

We see no escape from the conclusion that the judgment of the trial court sustaining the demurrer to the petition filed in this case, was correct. It is, therefore, affirmed.

It is so ordered. All concur except *Blair, J.,* who dissents.